UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mack Glenn, Jr., #331433, ) | C/A No. 3:11-1055-JFA-JRM |
| ) | |
| Plaintiff, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| vs. ) | |
| ) | |
| Tony Seyfer, Individual and Official Capacity, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Mack Glenn, Jr. ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Manning Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and he files this action *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff alleges that Defendant violated his constitutional rights. Plaintiff seeks money damages and injunctive relief. The Complaint should be dismissed for failure to state a claim on which relief may be granted.

Review pursuant to the Prison Litigation Reform Act (PLRA)

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*. Even under this less stringent standard, however, the *pro se* Complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

Plaintiff alleges that on October 1, 2008, he was driving a truck with an attached trailer carrying another vehicle when the vehicle he was driving ran out of gas. After an officer arrived at the scene, the officer called a wrecker service to assist Plaintiff. Allegedly, when A-1 wrecker service arrived, that officer left. Plaintiff alleges that Defendant is the owner of A-1 wrecker service

2

and that Defendant is the person who came to assist Plaintiff on October 1, 2008. Plaintiff alleges that Defendant gave Plaintiff gasoline and then attempted to charge $165.00 for his services. Plaintiff refused to pay that amount, and Plaintiff alleges that he only had a little more than $5.00 with him. Defendant telephoned the police to allegedly report that Plaintiff may be driving a stolen vehicle. A police officer arrived at the scene, and allegedly that police officer determined that nothing was stolen. Allegedly, Defendant seized Plaintiff's property and towed it to A-1 wrecker service's impound lot. The police officer allegedly told Plaintiff that the officer could not do anything and that Plaintiff should file a complaint in a magistrates' court against Defendant. Plaintiff alleges that he did file a complaint in a state magistrates' court against Defendant and that Judge Scott Whittle heard the case. Allegedly after hearing the facts of the dispute between Plaintiff and Defendant, the state judge told Plaintiff "to show proof of ownership and pay the fine that I owe A-1 wrecker service." Plaintiff alleges that Defendant "is ask[ing] me to pay him for service that he never done, and he is ask[ing] me to pay him in the amount of 8,840.00 and 150.00 a day to get my property back." Plaintiff also alleges that Defendant told the judge "that he had pictures of my property up for [sale] in the newspaper because I was unable to pay for his service." Plaintiff alleges that Defendant took Plaintiff's property unlawfully and illegally in violation of the constitutional right to not be deprived of property without due process of law. Plaintiff seeks money damages from Defendant and for this Court to order that Plaintiff's property be returned to Plaintiff.

## Discussion

This Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137,

3

144 n.3 (1979)).  A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  In this case, Plaintiff is suing a private citizen, Tony Seyfer with A-1 wrecker service, for an alleged violation of the United States Constitution.  With few exceptions, purely private conduct, no matter how wrongful, is not actionable under 42 U.S.C. § 1983 and the United States Constitution.  *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1983); *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001).  In *Hall v. Quillen*, the district court had disposed of a case against a physician and a court-appointed attorney on grounds of immunity.  Although affirming the district court's order, the Court of Appeals indicated that lower courts should first determine whether state action occurred:

> [I]mmunity as a defense only becomes a relevant issue in a case such as this under § 1983 if the court has already determined affirmatively that the action of the defendant represented state action.  This is so because state action is an essential preliminary condition to § 1983 jurisdiction, and a failure to find state action disposes of such an action adversely to the plaintiff.

*Hall v. Quillen*, 631 F.2d 1154, 1155 (4th Cir. 1980).  Although many factors may be considered in determining whether state action is present, no single factor is determinative and the "totality of the circumstances" must be evaluated.  *See Goldstein v. Chestnut Ridge Volunteer Fire Co.*, 218 F.3d 337, 341-43 (4th Cir.2000).  In this case, Plaintiff alleges that a police officer was present at the scene when Plaintiff's vehicle was seized and taken by Defendant.  Allegedly, the police officer told Plaintiff that the officer could not do anything and that Plaintiff should file a complaint in a

4

magistrates' court against Defendant. There is no allegation that the police officer exercised coercive power, provided significant encouragement, or wilfully participated in joint activity with Defendant while Defendant towed Plaintiff's property. *See Mentavlos*, 249 F.3d at 311. These factual allegations do not tend to show that Defendant's action could be deemed state action. In other words, it may not fairly be said that Defendant was a state actor. Thus, this case fails to state a claim under 42 U.S.C. § 1983.

Moreover, Plaintiff's allegations imply that prior to filing this lawsuit Plaintiff was the loser in a state magistrates' court case between Plaintiff and Defendant about the alleged wrongful taking of Plaintiff's vehicle on October 1, 2008. To the extent that Plaintiff brings this action to seek review and reversal of a state court judgment rendered before the district court proceedings commenced, the claim is barred by the *Rooker-Feldman* doctrine; only the United States Supreme Court may review state-court decisions. *See Skinner v. Switzer*, 131 S.Ct. 1289 (2011) (explaining when the *Rooker-Feldman* doctrine may be applied); *Davani v. Virginia Dep't of Transp.*, 434 F.3d 712, 719 (4th Cir. 2006) (explaining how the expansive interpretation of the *Rooker-Feldman* doctrine was limited by *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)). *See also Dukes v. Stone*, No. 3:08-505-PMD-JRM, 2009 WL 398079, at *4 (D.S.C. Feb. 17, 2009) (explaining that only the United States Supreme Court is empowered with appellate authority to reverse or modify a state court judgment). Here, it appears that Plaintiff is not satisfied with the litigation results in the state magistrates' court, and Plaintiff may be improperly bringing this action

5

in an attempt to overrule the state court decision. Therefore, the entire action may also be dismissed pursuant to the *Rooker-Feldman* abstention doctrine.[2]

### Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). **Plaintiff's attention is directed to the important notice on the next page.**

Joseph R. McCrorey
United States Magistrate Judge

June 2, 2011
Columbia, South Carolina

---

[2] The undersigned acknowledges that "[t]he Supreme Court has repeatedly instructed that 'federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress.'" *Martin v. Stewart*, 499 F.3d 360, 363 (4th Cir. 2007). Abstention doctrines are rare exceptions to a federal court's duty to exercise the jurisdiction conferred upon it. *Id.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk<br>
United States District Court<br>
901 Richland Street<br>
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).